UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE MOLINA and MARISOL MOLINA,<br><br>          Plaintiffs,<br><br>     - against -<br><br>FRAGA REALTY PARTNERS LLC, ABM MGMT. CORP., GUSTAVO RODRIGUEZ, and MIRIAM RODRIGUEZ<br><br>          Defendants. | Case No.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiffs JORGE MOLINA and MARISOL MOLINA ("Plaintiffs"), by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants FRAGA REALTY PARTNERS LLC, ABM MGMT. CORP., GUSTAVO RODRIGUEZ, and MIRIAM RODRIGUEZ (collectively "Defendants") allege and show the Court the following:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiffs, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4. Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (11) prejudgment and post-judgment interest; and (12) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. § 216 and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendants Fraga Realty Partners LLC and ABM Mgmt. Corp. maintain a place of business located at 51-03 Broadway, Woodside, NY 11377, Defendant ABM Mgmt. Corp. and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## PLAINTIFFS

8. Plaintiff Jorge Molina resides in Queens, New York. Plaintiff worked at Fraga

Realty Partners LLC and ABM Mgmt Corp. as a superintendent from 2007 until the present.

9. Plaintiff Marisol Molina resides in Queens, New York. Plaintiff worked at Fraga Realty Partners LLC and ABM Mgmt Corp. as a superintendent from 2007 until the present.

**DEFENDANTS**

10. Upon information and belief, Defendant, Fraga Realty Partners LLC own and operate a twenty five unit apartment building located at 51-03 Broadway, Woodside NY 11377, as well as two houses located at 3225 51st Street, Woodside, NY and 3223 51st Street, Woodside, New York and related garages.

11. Upon information and belief, Defendant, Fraga Realty Partners LLC had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Fraga Realty Partners LLC purchased and handled goods moved in interstate commerce.

12. Upon information and belief, Defendant Gustavo Rodriguez is the owner, officer, director and/or managing agent of Fraga Realty Partners LLC at 51-03 Broadway, Woodside NY 11377 and participated in the day-to-day operations of Fraga Realty Partners LLC and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Fraga Realty Partners LLC.

13. Upon information and belief, Defendant Gustavo Rodriguez owns the stock of Fraga Realty Partners LLC and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

14. Upon information and belief, Defendant Miriam Rodriguez is the owner, officer, director and/or managing agent of Fraga Realty Partners LLC at 51-03 Broadway, Woodside NY

3

11377 and participated in the day-to-day operations of Fraga Realty Partners LLC and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Fraga Realty Partners LLC.

15. Upon information and belief, Defendant Miriam Rodriguez owns the stock of Fraga Realty Partners LLC and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

16. Upon information and belief, Defendant, ABM Mgmt. Corp. own and operate a building located at 51-03 Broadway, Woodside NY 11377, two houses located at 3225 51st Street, Woodside, NY and 3223 51st Street, Woodside, New York and related garages.

17. Upon information and belief, Defendant, ABM Mgmt. Corp. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, ABM Mgmt. Corp. purchased and handled goods moved in interstate commerce.

18. Upon information and belief, Defendant Gustavo Rodriguez is the owner, officer, director and/or managing agent of ABM Mgmt. Corp. at 51-03 Broadway, Woodside NY 11377 and participated in the day-to-day operations of ABM Mgmt. Corp. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with ABM Mgmt. Corp.

19. Upon information and belief, Defendant Gustavo Rodriguez owns the stock of ABM Mgmt. Corp. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

20. Upon information and belief, Defendant Miriam Rodriguez is the owner, officer, director and/or managing agent of ABM Mgmt. Corp. at 51-03 Broadway, Woodside NY 11377 and participated in the day-to-day operations of ABM Mgmt. Corp. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with ABM Mgmt. Corp.

21. Upon information and belief, Defendant Miriam Rodriguez owns the stock of ABM Mgmt. Corp. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

22. At all times relevant herein, Fraga Realty Partners LLC was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

23. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Fraga Realty Partners LLC.

24. At all times relevant herein, ABM Mgmt. Corp. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

25. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by ABM Mgmt. Corp.

26. Upon information and belief, at all times relevant to this action, Corporate Defendants do or did business as joint employers and concurrently engaged employees to work for their Woodside location, and share substantially the same management and control over their real estate businesses.

27. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation and spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

28. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

29. Defendants committed the following alleged acts knowingly, intentionally and willfully.

30. Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

31. From June 2007 until August 8, 2016, Plaintiffs were hired by Defendants to work as superintendents for Defendants' twenty-five (25) unit apartment building located at 51-03 Broadway, Woodside, NY 11377.

32. Plaintiffs were also responsible for working at superintendents at two other houses located at 3225 51st Street, Woodside, NY and 3223 51st Street, Woodside, New York and five related garages

33. Plaintiffs were responsible for work including but not limited to, construction work, landscaping, recycling, collecting rent, handling the trash, cleaning, and maintaining the general orderly appearance of Defendants' property.

34. Plaintiffs general hours of work were from 9 a.m. until 5 p.m. from Mondays through Fridays. However, Plaintiffs were on-call twenty-four hours and seven days each week

6

in order to assist tenants and defendants with any needs that may arise. Plaintiffs worked at least fifty hours (50) most weeks.

35. Plaintiffs lived in an illegal basement apartment located in the main building that they served, 51-03 Broadway, Woodside, NY 11377.

36. Defendants drafted a lease in order for Plaintiffs to appear to be tenants. In fact, no rent was paid, as Plaintiffs were the superintendents of 51-03 Broadway, Woodside, NY 11377.

37. Plaintiffs were not paid any wages for their labor.

38. Defendants did not compensate Plaintiffs for minimum wage or overtime compensation according to state and federal laws.

39. Plaintiffs were not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

40. Plaintiffs were not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

41. Defendants did not provide Plaintiffs with a wage notices at the time of their hiring.

42. The applicable minimum wage for the period of June 1, 2010 to December 30, 2013 was $7.25 per hour.

43. The applicable minimum wage for the period of December 31, 2013 to December 30, 2014 was $8.00 per hour.

44. The applicable minimum wage for the period of December 31, 2014 to December 30, 2015 was $8.75 per hour.

45. The applicable minimum wage for the period of December 31, 2015 to the present is $9.00 per hour.

46. Defendants committed the following alleged acts knowingly, intentionally and willfully.

47. Defendants knew that the nonpayment of minimum wages, overtime, and the "spread of hours" premium would economically injure Plaintiffs by their violation of federal and state laws.

48. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

49. Plaintiffs' workdays frequently lasted longer than 10 hours.

50. Defendants did not pay Plaintiffs New York's "spread of hours" premium for every day in which they worked over 10 hours.

51. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

52. Defendants did not provide Plaintiffs with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage]

53. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

54. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of

"goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

55. At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

56. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

57. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

58. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for some or all of the hours they worked.

59. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

60. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage]

61. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

62. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

63. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

64. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage]

65. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

66. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

67. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

68. Defendants' failure to pay Plaintiffs their overtime pay violated the FLSA.

69. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs for all hours worked in excess of forty (40) hours per workweek, which violated and

continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

70. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

71. Defendants willfully failed to notify Plaintiffs of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

72. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

73. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

74. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

75. Defendants' failure to pay Plaintiffs their overtime pay violated the NYLL.

76. Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Time Pay]

77. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

11

78. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

79. Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

80. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

81. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

82. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

83. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiffs even after the fact.

84. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation

12

occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

85. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

86. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

87. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

88. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against the Defendants, jointly and severally, for the following relief:

a. declaring that Defendants have violated the minimum wage and overtime provisions of the FLSA and the NYLL;

b. declaring that Defendants have violated the notice provisions of the New York State Department of Labor Regulations;

c. declaring that Defendants' violations of the FLSA and NYLL were willful;

  d. awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish the appropriate notice pursuant to the NYLL;

  e. rewarding the Plaintiffs damages for unpaid minimum and overtime wages;

  f. awarding the Plaintiffs liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

  g. awarding the Plaintiffs pre-judgment and post-judgment interest under the FLSA and the NYLL;

  h. awarding the Plaintiffs reasonable attorneys' fees and cost pursuant the FLSA and the NYLL; and

  i. awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: Flushing, New York August 9, 2016

HANG & ASSOCIATES, PLLC.
/S/
Jian Hang
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Fraga Realty Partners LLC., ABM Management, Gustavo Rodriguez, Miriam Rodriguez and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*JORGE R MOLINA*
Full Legal Name (Print)

*[signature]*
Signature

8/1/2016
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Fraga Realty Partners LLC., ABM Management, Gustavo Rodriguez, Miriam Rodriguez and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Marisol Molina*
Full Legal Name (Print)

*/s/ Marisol Molina*
Signature

8/1/16
Date